1  Rimon Hanna
2  302 Washington street, #335
   San Diego, CA 92103
3  Tel; (619)808-4268
   Email; RimonDylanHanna@Gmail.com
4
5  In Propria Persona
6
7
8            UNITED STATES DISTRICT COURT
9             DISTRICT OF CONNECTICUT
                CIVIL DIVISION - UNLIMITED
10
11

| | |
|---|---|
| RIMON HANNA, | Case No. 3:19-cv-00074-CSH |
| Plaintiff, | **Plaintiff Second Amended Complaint for:** |
| vs. | 1- <u>**Wrongful Termination in accordance with FLSA;**</u> |
| American Cruise Lines, Inc. | 2- <u>**Unpaid Wages in accordance with FLSA;**</u> |
| and | 3- <u>**Retaliation in accordance with FLSA;**</u> |
| DOES 1 THROUGH 10 Inclusive, | 4- <u>**Breach of Contract;**</u> |
| Defendant. | 5- <u>**Intentional Misrepresentation;**</u> |
| | 6- <u>**Negligent Misrepresentation;**</u> |
| | 7- <u>**Violation of 29 U.S. Code § 207, and se*ction 215(a)(3)* of the Fair Labor Standards Act.**</u> |

Plaintiff Rimon Hanna (hereinafter referred to as "Plaintiff") alleges against Defendants, American Cruise Lines, Inc. (Connecticut Corporation) and DOES 1 THROUGH 10 Inclusive (collectively referred to as "Defendant" as follows;

## PRELIMINARY ALLEGATIONS

1- Plaintiff is informed and believed and thereon alleges that the Defendants were, and at all times mentioned herein is resident of the state of Connecticut.

2- Plaintiffs are informed and believe, and thereon allege, that Defendant, America Cruise Lines, Inc., is a Connecticut Corporation, conducting business in the State of Connecticut as well as cross state line and in many other state such as the state of Washington, Alaska, New York, Main, Louisiana.

3- From the inception of Plaintiff's employment by Defendants and up to the date of his termination, there existed a direct employer-employee relationship between Plaintiff and Defendants, and each of them. All facts stated in the Factual Background of this Complaint are incorporated herein by reference as are the facts concerning the Parties contractual relationship stated hereinafter.

4- Plaintiff is ignorant of the true names and capacity of the Defendants sues as Does 1 through 10, Inclusive, and therefore sues these Defendants by these fictitious names. Plaintiff will seek of the court to leave to amend this complaint to allege the true names of DOE 1 through 10, inclusive, when the true names and capacities have been ascertained.

5- Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are in breach of some contract or is tortuously or otherwise legally responsible in some manner for the occurrences in this Complaint and for Plaintiffs damages.

6- Plaintiff is informed and believes and thereon alleges that, at all the times relevant each of the Defendants, including DOES 1 through 10, inclusive, was the agent or employee of each of the remaining Defendants and, in doing the things alleged, was

acting within the scope of that agency or employee relationship and within the permission, consent and ratification of the other Defendants.

## **FACTUAL STATEMENT**

7-  On or about February 2017, Plaintiff was contacted by the HR of American Cruise Line asked Plaintiff to go for food tasting and interview with the corporation Executive chef Mr. Thomas Leonard on one of the its ships in Portland, Oregon. Plaintiff successfully completed his task and was told that he will be contacted by the HR for job offer as Executive Chef for American Cruise Lines for one of its ships.

8- Plaintiff was promised by Mr. Leonard daily flat rate of $225 per day. Paid travel expenses. Having my own room, access to board facilities, GYM, internet. Full kitchen crew will be hired to assist the executive chef fulfilling his duties.

As executive chef, Plaintiff will be working about 9-10 hours a day, and could even be less based on how organize the plaintiff could be.

Plaintiff was also advised that he will have plenty of opportunity to travel and get off the ship and have lots of fun and all of his travel and living expenses will be covered.

9- Few days later, the plaintiff was contacted by the HR, confirming Mr. Leonard offer, arranging for Plaintiff to go for drug screening and few weeks later, Plaintiff started his employment with American Cruise Lines on or about March 15, 2017.

10- After the start of Plaintiff's employment, the Plaintiff noticed constant shortage of staff, Plaintiff was promises 5 chefs, Plaintiff was given only THREE chefs, TWO chefs sometimes, and only one chef between July 14-July 17.

11- Some of the crew were exempt employee and other were hourly paid although all were working on the same ship, same working hours and same working condition. **All of the kitchen chefs including the Plaintiff were exempt** and none of them had met the exempt categories. However, the dishwashers were hourly compensated and subjected to over time and earning more than the exempt chefs whom were earning $135.00 per day for 15-16 working hours every day and none of them should have been classified as exempt. For that reason and as soon as they start

working and realize the working condition, lengthy hours and the deception of the Defendant. They leave at once without any notice and leave the ship on extreme shortage of staff.

12- Plaintiff never hired, fired or trained staff, Plaintiff made no decision of menu or receipt creation. All of the menu, receipt, hiring and firing scheduling, training was done by Mr. Leonard and the HR. Plaintiff had no authority to take any Disciplinary action toward any of the staff for not completing their work timely or meeting their responsibilities according the company guideline.

Plaintiff never made any decision with purchasing and or ordering food, selecting venders, or negotiating prices with any of the suppliers.

13- All of the Kitchen chefs were hired at flat rate of $135 per day and promised the same working condition as the Plaintiff and they ended up working apx15 hours per day instead of 9-10 hours per day.

14- On few occasions when the ship reached it final destination in Jeuna-Alaska, staff will leave their uniform on the floor and leave to the airport and catch a flight to return home, saying the working condition does not match what was promised. And the compensation for the working hours is far below the minimum wage required by the law, "we could make more working in McDonalds" said the staff.

## **PROCEDURE FACTUAL**

15- On or about April 2018 and before the initial filing of this case in California, the Plaintiff contacted US Department of Labor, San Diego office located at 550 West "C" Street, San Diego, California and after few attempted I was able to speak to investigator named Olivia.

16- The Plaintiff was advised that, before the filing of every complaint, there is a telephone interview must be conducted to established the eligibility of the complaint. The Plaintiff was advised that;

a- The Plaintiff would will not be eligible to file claim with US Department of labor since I was making $225 per day with exceeds the federal minimum wage including any over time.

b- The Plaintiff was also advised that department of labor only handles retaliation claims under FLSA if a person is a member of protected class such as gender, race, color, and sexual orientation.

c- The Plaintiff was also advised to contact Seattle office and the correct jurisdiction for being actually working in Washington and Alaska.

17- The Plaintiff contacted Seattle office on (206) 398-8039 and I spoke to investigator whom confirmed exactly what San Diego office told me.

18- On or about January 2019, the Plaintiff decided to take the second opinion and contacted US Department of labor Seattle office for the second time. He spoke to investigator named Ryan Neumann, whom confirmed exactly what he was previously told by the previous agents.

Mr. Neumann add, "is NOT mandatory to file a claim with the Department", he even sent an email to the Plaintiff with link to FLSA section 2016 which is confirm that such a remedy is NOT required and for sure is NOT mandatory before filling with the court. And/ or seeking relief or right to sue and might be required by some states before filing in court is not required by law and for sure is not required under FLSA.

19- The Plaintiff had tried and exhausted his efforts to file a claim with US Labor Department under FLSA. He was unable to for the reason mentioned above, especially that he was paid above the federal minimum wage. Department of Labor handles straight forward claims where the Federal minimum wage is the main core of the claim and they do not accommodate the dispute raised by the Plaintiff in this complaint. For this reason, FLSA Section § 216 open the door for any other complaints to be addressed in a court with more time and resources.

## FIRST CAUSE OF ACTION

## Wrongful Termination in Accordance with FLSA

**20**- Plaintiff re-alleges, and by this reference, incorporates herein, each and every allegation contained in paragraphs 1 through 19 above as though fully set forth herein.

21- On July 14, 2017, Plaintiff had two of his chefs were scheduled for vacation by the HR and Chef Thomas, and one other chef (Craig) walked out, Craig left his uniform on the floor in the middle of the night, he caught a flight to return home. Craig only worked for two weeks and decided to leave.

On his last few days, chef Craig told the Plaintiff **"this is not what I signed up for, I was promised to travel and work only 8-9 hours per day and I am getting paid $135 for 15-16 working hours per day, is not even the minimum wage, if I work in McDonalds, I will make double of what I am making here, this is not fun, its slavery".**

22- On July 14, Plaintiff was already 1 chef below the 5 required chefs, and lost further 3 chefs. Plaintiff had only 1 chef replacement and 4 chefs, they forgot to book his flight. Plaintiff was left with only one chef instead of 5 chefs. Plaintiff worked around the clock, Plaintiff received a phone call from his boss Mr. Leonard ask Plaintiff to be patient please, Chef Leonard also said "**I don't know what to do man? we give people jobs and they don't stay and leave like little kids. You doing a great job, please be patient. I am sending you more chefs as soon as I can and Chelsea is flying now to you to help you**". Ms. Chelsea Hargis is the company director for the west coast.

23- Plaintiff told both of his bosses Mr. Leonard and Ms. Hargis **"I was promised to work max of 9 hours a day, I am putting 16 hours every day. It's the same reason Craig left. I was promised 5 chefs, now I only have 2. We are not getting any over time and we are doing much more than what we agreed to do and while other member of the staff getting paid the over time. The accommodation condition is not what was promised"**

24- Plaintiff was told and believed that Ms. Chelsea Hargis is the boss of his boss chef Leonard. While Ms. Hargis came to help in the kitchen by making simple dishes like Salads and appetizer. Plaintiff asked Ms. Hargis if he can talk to her after the dinner service. And Plaintiff told Ms. Hargis what he told Mr. Leonard and asked to be paid for his over time.

25- On July 22, 2017 Plaintiff received a message from the Hotel Manager, Chef Tom wants you to go on vacation from tomorrow.

26- On Monday July 24, Plaintiff texted Chef Tom asking when would he returned to work, he was told **"we are going separate ways"**.

28- Plaintiff believes that his termination was wrongful unlawful, only after the Plaintiff claimed to be compensated for his over time, and his working condition, only then, he was terminated.

One week earlier, Chef Tom expressed his appreciation for the Plaintiff' dedication, hard work and sought Plaintiff's patience until locates and sends more chefs.

29- As a direct and foreseeable result of said wrongful termination, Plaintiff has suffered emotional stress and lost employment. Plaintiff claim lost wage in excess of $60,000 as minimum of one-year wage since the Plaintiff become unemployed, said damages were a foreseeable result of Defendants' wrongful conduct and wrongful termination of Plaintiff's employment.

## **SECOND CAUSE OF ACTION**
## Unpaid Wages in Accordance with FLSA

30- Plaintiff re-alleges, and by this reference, incorporates herein, each and every allegation contained in paragraphs 1 through 29 above as though fully set forth herein.

31- As executive chef, Plaintiff will be working about 9 hours every day if he worked hard, and "10 hours is the maximum if you fall behind" corporate chef and Plaintiff's boss chef Thomas Leonard had told the Plaintiff.

32- Plaintiff was told he with work between 6:30am and 7:30pm from the start of the breakfast service to the end of the dinner service. With estimated ONE hour of break after breakfast and TWO hours of break after lunch, Plaintiff as executive chef should net about 10 working hours per day, and if Plaintiff manage to keep his kitchen

clean and organized, and timely meet his prep and scheduled tasks. Plaintiff, should even work much less than 10 hours per day, and could go out and enjoy the cruise and the rest of his day.

33- Plaintiff was advised that he would have two chefs in charge of the hot food station, one chef in charge of the cold station, one pastry chef, and one chef in charge of crew three daily meals and three dishwashers.

34- Once Plaintiff started working, he discovered shortage of the number of kitchen staff is common problem, and when Plaintiff asked his boss for more help as was promised, he was told by his boss chef Leonard, "I am also short-handed on other ships, you have to work harder to fill that gap and your hard work will be considered in end of year bounces".

35- Plaintiff was NOT told that he will start working at 4:30am to turn on the kitchen equipment and cook for crew breakfast meal to allow the crew to have breakfast at 5:30am before the passengers and to enable the crew to serve the passengers breakfast afterward at 6:30am.

36- Plaintiff was NOT told that he will finish working at 9:30 and 10pm to help the dishwasher, to clean the kitchen every Thursday and Friday night after the dinner service to make sure the ship is ready for FDA inspection in the case of the ship getting inspected. Plaintiff was told he will be fired if your ship received a negative report. On the other hand, Mr. Leonard as well as the hotel manager kept on demanding more responsibilities from Plaintiff but never provided the staff to do so.

37- Plaintiff was NOT told that he is personally had to clean fridges, load delivery boxes into the kitchen and the trash out of the kitchen due the itinerary of cruise schedule and staff shortage.

38- Plaintiff was NOT told that the dishwasher will be working 20 consecutive weeks, 15 hours per day, cleaning dishes and saucepans after cooking for crew 3 meals per day and passengers 5 meals per day, without a day off.

39- Within the second week of the start of the Plaintiff's employment, Plaintiff noticed that the exhaustion of the dishwasher and that were unable to keep up with the cleaning and the minimum requirement of the job by at least having clean dishes.

40- Plaintiff was told that, the ships get pulled of the water off the season for service and cleaning. Which was not true. Plaintiff was NOT warned or told about drainage back up due to grease cumulative over years with no service or maintenance as well as not working oven and stove electric elements. Old equipment and never been serviced.

41- Plaintiff was told that he can discipline and terminate staff for bad behavior which was not true. Although the company promote zero tolerance to drinking alcohol and curve time of 11pm, means the staff must return to the ship before 11pm. Plaintiff noticed members of the staff to return at 2am while they start working at 4:30am. Plaintiff on many occasions reported it to his boss and the hotel manager for disciplinary action because he was not authorized to do so.

42- Plaintiff remember clearly couple of days before July 15 when a hard working reliable chef name Craig decided to walk out off the ship and leave his uniform on the floor and leave to the airport to return home, purchasing flight ticket at his own expenses and abandoned his employment at once.

Craig told Plaintiff, it was in the middle of his sleep on his lower level of a bunk bed, when the person above him on the top of the bunk bed whom happened to be a minor and one of the kitchen dishwasher name Dallas, was drunk.

Dallas vomited and through up on Craig, on his cloths and on his bed in the middle of his sleep from the top level of the bunk bed straight right on his head.

Plaintiff reported the incident to the Hotel manage and his boss Mr. Leonard. Nothing had happened. The employee was NOT suspended or terminated or replaced, and Plaintiff had no Power to do so.

The staff were reaching their breaking point by July 14, Dallas was already worked FOUR month of 15 hard working hours per day through his employment without a day off.  Staff were hired with no prior experience or back ground check.

Plaintiff was told by his boss to work more and more to fill up the gap of staff shortage.

43- Plaintiff had no authority to hire of fire or train any of the staff nor take any disciplinary action toward any staff. All of the staff scheduling, hiring, training was done by his boss. See exhibit (C).

44- Plaintiff had NO say to add or change any of the decided menus, recipes. It was all set and done by the corporation and the corporation executive chef and Plaintiff's boss Thomas Leonard. Even before every meal, Plaintiff had to take picture of every dish and text it to his boss, to assure the Plaintiff following the recipes and food presentation set by his boss, see exhibit (d).

45- All of the food ordering, purchasing, suppliers, quantities and pricing were set by the corporation and Plaintiff's boss. Plaintiff had NO say of choosing, negotiating any of the products or the food suppliers.

46- Plaintiff had ZERO authority as a manager and never exercise and never had the ability to exercise any of the categories which falls under exempt employee and responsibilities as exempt employee.

Defendants used Plaintiff's "exempt employment" as umbrella to deceive their employee and avoid paying overtime according to state and federal law.

47- As a direct and foreseeable result of Defendants greed and wrongful conduct. Plaintiff has suffered damages in an amount to be proven at trial.

Attached, workout sheet for overtime owed to Plaintiff. See exhibits "X ", "Y "and "Z ".

////

////

////

////

////

////

////

**EXHIBIT - X**

2:00 - 3:00 PM (possibly 3:30)
Break

**Dinner**
3:30 PM
Continue with crew and guest hors d'oeuvres and dinner.
Review recipes
Approve next day's matrix
4:30 PM
Check on crew dinner
Complete hors d'oeuvres assembly
4:45 PM
Crew dinner
5:15 PM
Set up both hot/cold hors d'oeuvres
5:30 PM
Hors d'oeuvres completed and delivered
Assist stewards with stationary hors d'oeuvres table layout
5:45 PM
Finish sauces
Set up service line
Assign positions
Pay attention to details
Taste all foods
6:15 PM
Dinner pre-meal
Allow stewards to taste, take photos
Taste all finished foods
Fire proteins accordingly
Finish starches and vegetables
Clean and organize galley
6:30 PM
Dinner service
7:10 PM
Call Captain for dinner
Set up overnight deck hand dinners
Wrap, label and date all leftovers
Thoroughly clean cooking battery
Clean and organize walk in refrigerator
Pull freezer items if needed
Review dinner closing procedures with galley stewards. Assist if needed.
Monitor desserts to ensure not many leftover. Properly store leftover desserts.
Monitor end of day cleaning
Conduct daily closing galley audit.
8:00 PM
Lock walk in refrigerator and freezer
Pass daily audit to the HM or AHM for completion
Depart for the day

TFL 03/11/2016

**EXHIBIT - Y**

|  | Start | End | Total HRS | |
|---|---|---|---|---|
| Sunday | 5:00am | 9:00pm | 16:00 | |
| Monday | 5:00am | 10:00pm | 17:00 | inventory count after dinner service |
| Tuesday | 5:00am | 9:00pm | 16:00 | |
| Wednesday | 4:30am | 9:00pm | 16:50 | Early Breakfast - Passengers' trip to Canada |
| Thursday | 5:00am | 10:00pm | 17:00 | inventory count after dinner service |
| Friday | 5:00am | 9:00pm | 16:00 | |
| Saturday | 4:30am | 9:00pm | 16:50 | Early Breaksfast - Passengers Leaving |

**Total    Weekly    Working    Hours**                115:00:00

**EXHIBIT - Z**

| PAY PERIOD DATES | | | DAYS | HOURD | | TOTAL | TOTAL |
| | | | DAYS | HOURS | | EARNED | PAID |
| FROM - TO | | HOURLY | WORKED | WORKED | # of Reg | # of O/T | PAID FOR |
| | | RATE | DAYS | HOURS | Hours | Hours | Reg Hrs |
| 1 | 03/26/17 - 04/08/17 | $28 | 7 | 115 | 40 | 75 | $1,575.00 |
| 2 | 04/09/17 - 04/22/17 | $28 | 14 | 230 | 80 | 150 | $3,150.00 |
| 3 | 04/23/17 - 05/06/17 | $28 | 14 | 230 | 80 | 150 | $3,150.00 |
| 4 | 05/07/17 - 05/20/17 | $28 | 14 | 230 | 80 | 150 | $3,150.00 |
| 5 | 05/21/17 - 06/03/17 | $28 | 7 | 115 | 40 | 75 | $1,350.00 |
| 6 | 06/04/17 - 06/17/17 | $28 | 13 | 214 | 80 | 134 | $2,812.00 |
| 7 | 06/18/17 - 07/01/17 | $28 | 14 | 230 | 80 | 150 | $3,150.00 |
| 8 | 07/02/17 - 07/15/17 | $28 | 14 | 230 | 80 | 150 | $3,150.00 |
| 9 | 07/16/17 - 07/29/17 | $28 | 7 | 115 | 40 | 75 | $1,350.00 |

**TOTAL OVER TIME OWED**

| TOTAL OWED | |
|---|---|
| **$ O/T RATE** | **$ OWED FOR O/T** |
| $42 | $3,150 |
| $42 | $6,300 |
| $42 | $6,300 |
| $42 | $6,300 |
| $42 | $3,150 |
| $42 | $5,628 |
| $42 | $6,300 |
| $42 | $6,300 |
| $42 | $3,150 |
| | $46,578 |

## **THIRD CAUSE OF ACTION**

## Retaliation, In Accordance with FLSA

48- Plaintiff re-alleges and incorporates by this reference, as though fully set forth herein, paragraphs I through 47 of this Complaint.

49- Plaintiff believes that he was retaliated against and fired as a result 0f his official complaint and claim for his over time, and his working condition, only then, Plaintiff was fired. Plaintiff believes if such a claim was not made, Plaintiff would still be working for and with ACL until this day.

50- State and Federal Law, forbid employers from retaliating against their employee for discussing or disclosing his or her wages and or working condition. Plaintiff suffered discriminatory wage by asking, discussing his salary with his bosses Thomas Leonard and Chelsea Hargis, and as soon as the Plaintiff requested to be paid for his over time, Plaintiff was fired at once on the same week as soon as his ship docked in Jeanue, Alaska.

51- Plaintiff Hanna became participating in **Statutorily Protected Activity** according to the law. Defendant ACL retaliated against Plaintiff Hanna and his employment was terminated because of his overtime claim.

**Adverse Employment Actions**. Once an employee has engaged in statutorily protected participation and the employer has taken "adverse employment action" against the employee. The Law prohibited employer conduct includes many traditional employment decisions, including wrongful termination and retaliation.

52- Plaintiff's set forth facts said the pleadings, constitute retaliation of unlawful termination and retaliation of his over-time claim against Defendant ACL.

53- As a direct and foreseeable result of said employment relationship, Defendants were obligated to refrain from discharging and/or refusing employment to Plaintiff. Said damages were a foreseeable result of Defendants' wrongful conduct and retaliation against the Plaintiff.

As a direct and foreseeable result of said Retaliation, Plaintiff has suffered emotional stress and lost employment. Plaintiff claim damages in excess of $60,000 as minimum

of one-year wage since the Plaintiff become unemployed, said damages were a foreseeable result of Defendants' wrongful conduct and retaliation against the Plaintiff. Plaintiff claims other incidental and consequential expenses and losses.

Plaintiff claims incurred attorney and legal fees.

Plaintiff claims such amounts as damages together with pre-judgment interest.

Plaintiff claims general damages for such mental and emotional distress.

Plaintiff claims punitive and exemplary damages.

## FOURTH CAUSE OF ACTION
## Breach of Contract

54- Plaintiff re-alleges and incorporates by this reference, as though fully set forth herein, paragraphs I through 53 of this Complaint.

55- Although Plaintiff and Defendant employment relationship was at well employment, the compensation portion of it was a promise and contractual.

56- Plaintiff was promised to be paid for his travel expenses. And until the date of filing this complaint, Defendant owes Plaintiff travel expenses.

57- Plaintiff was promised his own room, while the Defendant over booked the ship and Plaintiff was forced to give up his room. Instead Plaintiff was given a bunk bed without steps and few inches from the ceiling, and sharing room with 3 (three) others.

58- Plaintiff was promised internet, there was no internet for the staff on the ship. Plaintiff was promised the use of the GYM, but he was not allowed the use of the GYM.

59- Plaintiff's agreed compensation was based on Plaintiff's working hours should not exceed 10 hours per day. Plaintiff will be assisted by 4 (four) chefs and 3 (three) dishwashers.  Plaintiff was forced to work 16 hours per day and reform extra work and duties. Plaintiff didn't agree to reform said extra duties and responsibilities without being properly compensated.

60- As a direct and proximate cause of Defendants' breach of his Agreement with Plaintiff, as alleged above, Plaintiff has suffered emotional stress and lost employment. Plaintiff claim damages in excess of $60,000 as minimum of one-year

wage since the Plaintiff become unemployed, said damages were a foreseeable result of Defendants' breach of contract.

## FIFTH CAUSE OF ACTION

### Intentional Misrepresentation

61- Plaintiff re-alleges and incorporates by this reference, as though fully set forth herein, paragraphs I through 60 of this Complaint.

62-. When Mr. Leonard promised Plaintiff to work no more than 10 hours a day, promised Plaintiff 4 (four) chefs to assist him, promised Plaintiff his own room not bunk bed and sharing room with 4 (four) others, promised Plaintiff paid travel expenses. Plaintiff was promised the use of internet. promised Plaintiff the use of the GYM. Said the promise, he knew all of these promises to be false when he made them and intentionally defrauded Plaintiff when he made such a promise to **induce** Plaintiff to work for him.

63- At all times relevant herein, Defendants, and Does 1 through 10 inclusive, enjoyed a superior bargaining position and power over Plaintiff to the extent described herein. Thus, material terms concerning his employment were concealed and not disclosed and thereby misrepresented by Defendants and Does 1 through 10, inclusive, to said Plaintiff, as to obtain his reliance thereon.  As a result of the concealment, failure to disclose and false misrepresentation of material terms concerning Plaintiff's employment and termination, such material terms were misleading, not disclosed and concealed and thereby misrepresented by Defendants, and Does 1 through 10, inclusive, to Plaintiff.

64- Defendants and Does 1 through 10, inclusive, knew at the time that they failed to disclose, concealed and engaged in such representations, actions, conduct and inactions described herein that the same were false, misleading and untrue for the sole purpose of obtaining the benefits of Plaintiff's work and thereafter to limit said Defendants' financial obligations to Plaintiff, and other financial or economic gains, in breach of Defendants contract with and duties to Plaintiff.

65- Plaintiff **relied** of Defendant presentation, Plaintiff moved out of his apartment, sold and donated his furniture and moved to work for the Defendant with the expectation of working condition and to be compensated according to state and federal laws and as was promised to him. Therefore, Plaintiff did not seek other employment, believing he would be treated fairly by Defendants.

66- As a proximate consequence of Defendants' wrongful acts of intentional misrepresentation against Plaintiff, Plaintiff has suffered lost wages, emotional distress. As a direct and foreseeable result of Defendant's conduct, Plaintiff has suffered emotional stress and lost employment. Plaintiff claim damages in excess of $60,000 as minimum of one-year wage since the Plaintiff become unemployed, said damages were a foreseeable result of Defendants' wrongful act of intentional misrepresentation against Plaintiff.

## SIXTH CAUSE OF ACTION

### Negligent Misrepresentation

67- Plaintiff repeats and re-alleges all the preceding paragraphs 1 through 66 herein and incorporates said paragraphs as though set forth in full in this Cause of Action.

68- At all times relevant herein, Defendants, and Does 1 through 10, inclusive, enjoyed a superior bargaining position and power over Plaintiff to the extent described herein. Thus, material terms concerning his employment were concealed and not disclosed and thereby misrepresented by Defendants and Does 1 through 10, inclusive, to Plaintiff, as to obtain his reliance thereon. As a result of the concealment, failure to disclose and false misrepresentation of material terms concerning Plaintiff's employment and termination, such material terms were misleading, not disclosed and concealed and thereby misrepresented by Defendants, and Does 1 through 10 inclusive, to Plaintiff.

69- At all times relevant herein, Defendants knew their representations were false. Defendants did intentionally make such false promises because Defendant needed the Plaintiff to work to their benefit.

70- Defendants and Does 1 through 10, inclusive, knew at the time that they

failed to disclose, concealed and engaged in such representations, actions, conduct and inactions described herein that the same were false, misleading and untrue for the sole purpose of obtaining the benefits of Plaintiff's work and thereafter to limit said Defendants' financial obligations to Plaintiff, and other financial or economic gains, in breach of Defendants contract with and duties to Plaintiff.

71- As a proximate consequence of Defendants' negligent misrepresentation against Plaintiff, he has suffered lost wages, emotional distress and other damages.

As a direct and foreseeable result of Defendant's conduct, Plaintiff has suffered emotional stress and lost employment. Plaintiff claim damages in excess of $60,000 as minimum of one-year wage since the Plaintiff become unemployed, said damages were a foreseeable result of Defendants' wrongful act of negligent misrepresentation against Plaintiff.

## **SEVENTH CAUSE OF ACTION**

### Violation of 29 U.S. Code § 207, and section 215(a)(3) of the Fair Labor Standards Act

72- Plaintiff repeats and re-alleges all the preceding paragraphs 1 through 71 herein and incorporates said paragraphs as though set forth in full in this Cause of Action.

73- 29 U.S. Code § 207 (a)(1), no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

74- As explained in prior causes of action, and due to the working condition and the lengthy working hours, Plaintiff was promised 5 Chefs and only received 3 and three kitchen Stewarts but was only given two, as of the last week of the Plaintiff employment (the week lead to his termination).  Plaintiff was given only one chef and

the two dishwasher whom decided to buy a flight at their own expenses and leave to return home. Mario is one of the two whom left very angry to the working condition to return to New Jersey and Dallas the second person did exactly the same to return to Florida.

75- As explained above in addition to Chef Craig who decided to leave his uniform on the floor and abandon the ship in the middle of the night and buy his way back to his home state.
The Plaintiff was left working in filthy and health hazard condition. Working hard exceeded 16 hours a week. And as soon as he raised the question of the working condition and claimed over time he was terminated at once without hesitation.

76- As a direct and foreseeable result of Defendant's conduct, Plaintiff has suffered emotional stress and lost employment. Plaintiff claim damages in excess of $60,000 as minimum of one-year wage since the Plaintiff become unemployed, said damages were a foreseeable result of Defendants' violation of code § 207, and Section 215(a)(3). Plaintiff also claim liquidated damages and up to $10,000 fine as stated in Plaintiff's damages below.

### DAMAGES AND RELIEF REQUESTED

Plaintiff claim damages under FLSA Section § 216;

Section § 215 shall upon conviction thereof be subject to a fine of not more than $10,000, or to imprisonment for not more than six months, or both. No person shall be imprisoned under this subsection except for an offense committed after the conviction of such person for a prior offense under this subsection.

Damages; right of action; attorney's fees and costs; termination of right of action Any employer who violates the provisions of section 207 of this title

shall be liable to the employee or employees affected in the amount of their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages

**Wherefore**, Plaintiff prays for judgment against Defendant according to proof as follows:

1. For general damages;
2. For special damages;
3. Interest on compensatory damages at the legal rate from the date of injury;
4. liquidated damages
5. Punitive and exemplary damages;
6. Attorney's fees when it's applicable;
7. Costs and expenses of suit incurred herein; and
8. For other just and proper relief.

## VERIFICATION

I, Rimon Hanna declare as follows;

I, Rimon Hanna, the Plaintiff in this case set out in the foregoing First Amended Complaint, verify under penalty of perjury under the laws of the United States of America that the Factual Statements and the Procedure Factual in this First Amended Complaint are true and if called on to testify I would competently testify as to the matters stated herein.

Executed on May 20, 2019 by Rimon Hanna,

Plaintiff in Propria Persona

Date; May 20, 2019

Submitted by, Rimon Hanna, Plaintiff in Propria Persona

**EXHIBIT – A**



**AMERICAN CRUISE LINES**
*Careers*

HOME (/)   ABOUT US (/NEW-INDEX/)   CREW (/TEMPORARY/)   MANAGE

CORPORATE (/CORPORATE/)

SALES (HTTPS://CAREERS-ACL.ICIMS.COM/
SS=1&SEARCHCATEGORY=

ONBOARD ENTERTAINMENT (/ONBOARD-ENTERTAINMENT/)

INTERNSHIPS (/NEW-PAGE/)   APPLY (HTTPS://CAREERS-ACL.ICIMS.COM/

LOG BLOG (/)

‹ Welcome page (https://careers-acl.icims.com/jobs/intro?in_iframe=1)

Returning Candidate?
Log back in! (https://careers-acl.icims.com/jobs/1194/hotel-service-member--server/login?
in_iframe=1&hashed=-435707838)

**Hotel Service Member - Server**

📍 US-AZ-Phoenix

**Job ID** 2017-1194    **# of Openings** 100    **Category** Shipboard - Hotel Temp

## Overview

### *Fall Openings!*



American Cruise Lines is looking for enthusiastic servers to work remotely aboard its fleet of ships in the United States. We operate the newest cruise ships on rivers around the country and are always hiring happy, energetic people to join us. Most service member candidates are looking to begin a career in hospitality or are simply taking a semester off from college to save money!

*This is a unique semester-long (16 weeks) position to gain experience in the hospitality industry aboard a cruise ship.*

**The Perks**
- **Save Money** – Pay ranges from $700 to $900 per week.
- **Few Expenses** – While on the cruise ship, your accommodations and meals are all provided for you. It's a dormitory-style environment most people are comfortable with from college.
- **Travel** - We visit 28 states on our different cruises. While working with us, you will visit a number of unique towns and cities you may never have thought you would see.
  **Hospitality Experience** – This is an excellent beginning to a career in the hospitality industry and a way to build your resume with experience in food service, housekeeping, and interpersonal skills.
- **Upward Mobility** – Successful stewards may apply for full time roles in either shipboard management or corporate positions. We have room to grow for qualified and successful candidates.


**Responsibilities**

**Servers:**

- Set up and breakdown of dining room
- Serving breakfast, lunch, dinner, and cocktail hour
- Customer service
- Cleanliness of dining room
- Writing meal tickets
- Exceptional customer service
- Hotel duties as needed (assisting with housekeeping or general hotel duties)

**The Expectation:**
- **Hard work** – everyone in our organization works hard to keep guests happy. For Hotel Service Members (Stewards), that means waiting tables and responding to all requests with courtesy.
- **Long hours** – While on the ship, you live where you work. That means you have responsibilities every day, even early in the morning and late at night.
- **Commitment to Excellence** – Everything we do is for the safety, comfort and enjoyment of our guests. Every request should be handled with precision and care.

## Qualifications

If this unique travel experience is of interest, just make sure you will comply with each of these criteria and we would love to hear from you:

- You are at least 18 years old and have graduated from high school.
- You are an American citizen or legally permitted to work in the United States.
- The 12-7-16 Rule. You have to be willing to work at least 12 hours a day, 7 days a week, for 16 consecutive weeks.
- The US Coast Guard requires a pre-employment drug test that includes tests for marijuana. We are also an alcohol free company.
- You can meet moderate physical demands, including lifting, bending, climbing, and long periods of standing or walking.
- Calm under pressure and positive attitude.

**All successful candidates Must be well groomed with neat appearance and not have any major arm, hand or neck tattoos.**

Cruise To Work - Exciting Careers with American Cruise Lines (https://vimeo.com/153962962) from American Cruise Lines (https://vimeo.com/americancruiselines) on Vimeo (https://vimeo.com).



WINNER

## Options

Apply for this job online (https://careers-acl.icims.com/jobs/1194/hotel-service-member--server/job?mode=apply&apply=yes&in_iframe=1&hashed=-336143376)

Email this job to a friend (https://careers-acl.icims.com/jobs/1194/hotel-service-member--server/referral?in_iframe=1&hashed=-435707838)

Share

Application FAQs (https://media.icims.com/training/CandidateFAQ/FAQ.html)

Software Powered by iCIMS

MANAGER GALLERY (/MANAGER-GALLERY/)

TEMPORARY GALLERY (/TEMPORARY-GALLERY/)    CHEF GALLERY (/CHEF-GALLERY/)

INTERN GALLERY (/INTERN-GALLERY/)    MANAGER LIFESTYLE (/MANAGER-LIFESTYLE/)

AMERICAN CRUISE LINES, 741 BOSTON POST RD SUITE 200, GUILFORD, CT, UNITED

STATES   CAREERS@AMERICANCRUISELINES.COM (MAILTO:CAREERS@AMERICANCRUISELINES.COM)

Powered by Squarespace (http://www.squarespace.com)



AMERICAN CRUISE LINES
*Careers*

HOME (/) ABOUT US (/NEW-INDEX/) CREW (/TEMPORARY/) MANAGEMENT

CORPORATE (/CORPORATE/)

SALES (HTTPS://CAREERS-ACL.ICIMS.COM/JOBS/SEARCH?SS=1&SEARCHCATEGORY...)

ONBOARD ENTERTAINMENT (/ONBOARD-ENTERTAINM...)

INTERNSHIPS (/NEW-PAGE...) APPLY (HTTP://CAREERS-ACL.ICIMS.COM/...)

BLOG (/BLOG/)

---

‹ Welcome page (https://careers-acl.icims.com/jobs/intro?in_iframe=1)

---

Returning Candidate?
Log back in! (https://careers-acl.icims.com/jobs/1191/hotel-service-member--housekeeper/login?hashed=-435707838)

## Hotel Service Member--Housekeeper

📍 US-AZ-Phoenix

**Job ID** 2017-1191    **# of Openings** 100    **Category** Shipboard - Hotel Temp

## Overview

*Fall Openings!*



American Cruise Lines is looking for enthusiastic housekeepers to work remotely aboard its fleet of ships in the United States. We operate the newest cruise ships on rivers around the country and are always hiring happy, energetic people to join us. Most service member candidates are looking to begin a career in hospitality or are simply taking a semester off from college to save money!

*This is a unique semester-long (16 weeks) position to gain experience in the hospitality industry aboard a cruise ship.*

## The Perks
- **Save Money** – Pay ranges from $700 to $900 per week.
- **Few Expenses** – While on the cruise ship, your accommodations and meals are all provided for you. It's a dormitory-style environment most people are comfortable with from college.
- **Travel** - We visit 28 states on our different cruises. While working with us, you will visit a number of unique towns and cities you may never have thought you would see.
  **Hospitality Experience** – This is an excellent beginning to a career in the hospitality industry and a way to build your resume with experience in food service, housekeeping, and interpersonal skills.
- **Upward Mobility** – Successful stewards may apply for full time roles in either shipboard management or corporate positions. We have room to grow for qualified and successful candidates.

## Responsibilities
Housekeepers:
- General housekeeping duties (making beds, cleaning bathrooms)Laundry
- Cleanliness of passenger cabins and public areas
- Other ship hotel tasks and restaurant tasks
- Shipboard Laundry
- Exceptional Customer Service

The Expectations:
- **Hard work** – everyone in our organization works hard to keep guests happy. For Hotel Service Members (Stewards), that means servicing staterooms and responding to all requests with courtesy.
- **Long hours** – While on the ship, you live where you work. That means you have responsibilities every day, even early in the morning and late at night.
- **Commitment to Excellence** – Everything we do is for the safety, comfort and enjoyment of our guests. Every request should be handled with precision and care

Qualifications

Qualifications

If this unique travel experience is of interest, just make sure you will comply with each of these criteria and we would love to hear from you:

- You are at least 18 years old and have graduated from high school.
- You are an American citizen or legally permitted to work in the United States.
- The 12-7-16 Rule. You have to be willing to work at least 12 hours a day, 7 days a week, for 16 consecutive weeks.
- The US Coast Guard requires a pre-employment drug test that includes tests for marijuana. We are also an alcohol free company.
- You can meet moderate physical demands, including lifting, bending, climbing, and long periods of standing or walking.
- Calm under pressure – and positive attitude.

**All successful candidates Must be well groomed with neat appearance and not have any major arm, hand or neck tattoos.**

01:05

Cruise To Work - Exciting Careers with American Cruise Lines (https://vimeo.com/153962962) from American Cruise Lines (https://vimeo.com/americancruiselines) on Vimeo (https://vimeo.com).



20
17 | T R A V V Y   A W A R D
W I N N E R

## Options

Apply for this job online
(https://careers-
acl.icims.com/jobs/1191/hotel-service-
member--housekeeper/job?
mode=apply&apply=yes&in_iframe=1&hashed=-336143376)

Email this job to a friend
(https://careers-
acl.icims.com/jobs/1191/hotel-service-
member--housekeeper/referral?
in_iframe=1&hashed=-435707838)

Share on your newsfeed

Application FAQs (https://media.icims.com/training/CandidateFAQ/FAQ.html)

Software Powered by iCIMS

MANAGER GALLERY (/MANAGER-GALLERY/)

TEMPORARY GALLERY (/TEMPORARY-GALLERY/)   CHEF GALLERY (/CHEF-GALLERY/)

INTERN GALLERY (/INTERN-GALLERY/)   MANAGER LIFESTYLE (/MANAGER-LIFESTYLE/)

AMERICAN CRUISE LINES, 741 BOSTON POST RD SUITE 200, GUILFORD, CT, UNITED

STATES   CAREERS@AMERICANCRUISELINES.COM (MAILTO:CAREERS@AMERICANCRUISELINES.COM)

Powered by Squarespace (http://www.squarespace.com)

**EXHIBIT – B**

 **Gmail**

Rimon Hanna <rimondylanhanna@gmail.com>

## Thank you
2 messages

**Thomas Leonard** <thomas.leonard@americancruiselines.com>      Thu, Mar 2, 2017 at 7:32 AM
To: "RimonDylanHanna@Gmail.com" <RimonDylanHanna@gmail.com>

Good morning Chef:

Thank you joining us onboard the American Pride for an Interview and Market Basket.

You did an awesome job and should be proud. Someone from recruiting will contact you
in the very near future.

Safe Travels

Be well

**Thomas F. Leonard III C.E.C.**

Corporate Executive Chef

American Cruise Lines, Inc.

741 Boston Post Road

Guilford, Connecticut 06437

Mobile: 203-535-8006

Office: 203-453-6800 ext. 390

Fax: 203-453-0417



---

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com

 Gmail

Rimon Hanna <rimondylanhanna@gmail.com>

## Offer Request

2 messages

---

**Stephanie Larson** <acl+email+1omx-6d42f2ea30@agents.icims.com>
To: RimonDylanHanna@gmail.com

Mon, Mar 6, 2017 at 9:09 AM

Dear: RIMON

I am very pleased to offer you the position of Shipboard Executive Chef with American Cruise Lines. Your starting salary will be $225 per day with additional bonus incentives. Your anticipated start date will be March 25th 2017.

This is a full time position which, subject to company policy, makes you eligible for such benefits as our health, vision, and dental plans, as well as the matching 401k program.

If you have specific questions about the position, please don't hesitate to call me at 1-203-453-6800. We think you have a lot to contribute and look forward to working with you.

Sincerely,

Stephanie Larson
American Cruise Lines
www.aclcareers.com
Find me on Skype: stephanie.larsonacl

---

**Rimon Hanna** <rimondylanhanna@gmail.com>
To: Stephanie Larson <acl+email+1omx-6d42f2ea30@agents.icims.com>

Mon, Mar 6, 2017 at 12:33 PM

Ms. Larson
I am gladly accept your offer and so excited and looking forward to joining your team.
Please check with me before making any reservation and I am not sure where will I be as of March 25. I could be in Salt Lake City, Utah or San Diego.
Kind Regards
Rimon Hanna
[Quoted text hidden]

 Gmail

Rimon Hanna <rimondylanhanna@gmail.com>

---

## Welcome Aboard
2 messages

---

**Thomas Leonard** <thomas.leonard@americancruiselines.com>          Sat, Mar 11, 2017 at 8:02 AM
To: "RimonDylanHanna@Gmail.com" <RimonDylanHanna@gmail.com>

Chef:


Welcome to American Cruise Lines.

It was my pleasure meeting you and enjoying the meals you prepared.

I am excited about this opportunity for you and cannot wait for you to begin your new career.

I have attached a few items for you to review.

When traveling please be sure to keep all of your receipts, we will review when you board.

You will need the following items:

Non-skid Shoes

Amenities, although we do have soap, shampoo, lotion and conditioner

Knives if you choose – Pack them in your suitcase, I usually write a note stating that "I am a chef, these are my tools".

If you should have any questions, please don't hesitate to reach out to me.

Be well


**Thomas F. Leonard III C.E.C.**

Corporate Executive Chef

American Cruise Lines, Inc.

741 Boston Post Road

Guilford, Connecticut 06437

Mobile: 203-535-8006

Office: 203-453-6800 ext. 390

Fax: 203-453-0417



**Policy Form: Luggage Reimbursement**

| Policy Area: Galley Chef Team | |
| --- | --- |
| Title of Policy: Luggage Reimbursement | |
| Effective Date: 02/10/2015 | |

**1. Policy Format:**
This policy has been put forth due to the high cost of luggage reimbursement. We travel many employees to and from the vessels throughout the season; the reimbursement dollars are astronomical to say the least. We all need to work diligently by travelling smart in order to lower this cost.

**2. Policy Statement:**
Please be smart when you pack. Take *only* what you will need. There are laundry facilities on each vessel. Rather than over pack one piece of luggage, bring two pieces of luggage that are not as heavy. The affiliated cost is not about a second piece of luggage, it's the cost of the overweight luggage that needs to be controlled and/or eliminated. Depending on the airline the additional baggage fees are as follows:

Delta - $25.00 for first bag          $90.00 additional if luggage is over 90#
        $35.00 for second bag

American - $25.00 for first bag       $100.00 additional if luggage is over 50-100#
            $35.00 for second bag       $200.00 additional if luggage is over 100-200#
            $150.00 for third bag

There is a 2 bag limit, if you need a third piece of luggage or the bags are overweight, it will be the responsibility of the individual that is traveling and you will not get reimbursed for the additional bag or overweight bags. If charged for a carryon bag, it will become part of the policy as stated above. You will be reimbursed to the maximum of $75.00 for baggage fees.

The above statement is subject to change. Airlines control the cost for each bag as well as the cost of the overweight bags.

**3. Procedures:**
All reimbursement will need to be reviewed and/or approved by Corporate Executive Chef Tom Leonard. If the luggage reimbursement is excessive due to improper packing, the individual will be held responsible and will not be reimbursed.

**AMERICAN CRUISE LINES, INC.**
**BUSINESS TRAVEL EXPENSE REPORT**

AMERICAN
CRUISE LINES INC.

| EMPLOYEE NAME: | | | | |
| DESCRIPTION AND BUSINESS PURPOSE OF TRAVEL. | | | | |
| DATE(S) OF BUSINESS TRAVEL | | | | |
| TOTAL REIMBURSEMENT REQUESTED | | | | |
| SUPERVISOR'S APPROVAL (SIGN AND DATE) | | | | |

Please list each expense below.
Copy each receipt for your own records
Number the receipts and attach them in order.
List the amount in the appropriate column.
Total all columns and add the column totals to arrive at the total reimbursement requested.

| | VENDOR | DESCRIPTION | AIR FARE | TRAIN FARE | CAR RENTAL | GAS | TOLLS | PARKING | MILEAGE @ 5.38 | LODGING | OTHER TRAVELS | MEALS | ENT | OTHER | TOTAL | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | | | | | | | | |
| 2 | | | | | | | | | | | | | | | | |
| 3 | | | | | | | | | | | | | | | | |
| 4 | | | | | | | | | | | | | | | | |
| 5 | | | | | | | | | | | | | | | | |
| 6 | | | | | | | | | | | | | | | | |
| 7 | | | | | | | | | | | | | | | | |
| 8 | | | | | | | | | | | | | | | | |
| 9 | | | | | | | | | | | | | | | | |
| 10 | | | | | | | | | | | | | | | | |

Signature:                                        Date:

TEL (03/02/2017

EXHIBIT – C

 **Gmail**

Rimon Hanna <rimondylanhanna@gmail.com>

---

## Galley Changes
1 message

---

**Thomas Leonard** <thomas.leonard@americancruiselines.com>

Wed, May 17, 2017 at 4:16 AM

To: American Spirit <spirit@americancruiselines.com>, "rimondylanhanna@gmail.com" <rimondylanhanna@gmail.com>
Cc: Bryan Grund <bryan.grund@americancruiselines.com>, Wilfredo Morales <wilfredo.morales@americancruiselines.com>, Chelsea Hargis <chelsea.hargis@americancruiselines.com>

All:

Corporate Executive Sous Chef Bryan Grund will depart the vessel on Saturday morning.

Thank you,

**Thomas F. Leonard III C.E.C.**

Corporate Executive Chef

American Cruise Lines, Inc.

741 Boston Post Road

Guilford, Connecticut 06437

Mobile: 203-535-8006

Office: 203-453-6800 ext. 390

Fax: 203-453-0417



---

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com

 Gmail

Rimon Hanna <rimondylanhanna@gmail.com>

---

## Galley Changes
1 message

---

**Thomas Leonard** <thomas.leonard@americancruiselines.com>          Tue, Jun 6, 2017 at 2:30 PM
To: American Spirit <spirit@americancruiselines.com>, Rimon Hanna <rimondylanhanna@gmail.com>
Cc: Matthew Caldwell <mattcald@gmail.com>, Chelsea Hargis <chelsea.hargis@americancruiselines.com>,
Bryan Grund <bryan.grund@americancruiselines.com>

All:

There will be a few changes within the Galley this week:

- On Friday Second Chef Francis Trivento will board the vessel

    o Please be sure he has a clean well stocked room upon his arrival.

- On Friday evening Chef Matthew Caldwell will depart the vessel

- On Saturday prior to departure Chef Alan Weymss will depart the vessel


Thank you,


**Thomas F. Leonard III C.E.C.**

*Corporate Executive Chef*


**American Cruise Lines, Inc.**

741 Boston Post Road

Guilford, Connecticut 06437

Mobile: 203-535-8006

Office: 203-453-6800 ext. 390

Fax: 203-453-0417

 **Gmail**

Rimon Hanna <rimondylanhanna@gmail.com>

## Galley Changes
5 messages

**Thomas Leonard** <thomas.leonard@americancruiselines.com>                    Wed, Jul 12, 2017 at 4:11 PM
To: Rimon Hanna <rimondylanhanna@gmail.com>

Chef:

I am sending your Chef Frank -- You and he did the market basket together.

I am short handed so chef said he would return early to assist you.

I am also send Terrell -- he is an awesome and taleneted Chef.


Hope you are well


**Thomas F. Leonard III C.E.C.**

*Corporate Executive Chef*


**American Cruise Lines, Inc.**

741 Boston Post Road

Guilford, Connecticut 06437

Mobile: 203-535-8006

Office: 203-453-6800 ext. 390

Fax: 203-453-0417

**From:** Rimon Hanna [mailto:rimondylanhanna@gmail.com]
**Sent:** Wednesday, July 12, 2017 3:47 PM
**To:** Thomas Leonard <thomas.leonard@americancruiselines.com>
**Subject:** Galley Changes

[Quoted text hidden]

---

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com

---

**Thomas Leonard** <thomas.leonard@americancruiselines.com>               Wed, Jul 12, 2017 at 5:43 PM
To: American Spirit <spirit@americancruiselines.com>, Rimon Hanna <rimondylanhanna@gmail.com>
Cc: Bryan Grund <bryan.grund@americancruiselines.com>, Chelsea Hargis
<chelsea.hargis@americancruiselines.com>

All:


There will be a few Galley Changes this coming week:

- Second Chef Terrell Sheard will board on Friday
    - Please be sure he has a clean well stocked room upon his arrival
- Executive Chef Francisco Ramirez will board on Friday to assist Executive Chef Rimon
    - Please be sure he has a clean well stocked room upon his arrival
- Second Chefs Stephane St. Pierre (trying for Friday) and Francis Trivento (Saturday) will depart the vessel
- I will book hotel rooms for both arriving Chefs on Friday night.


Thank you,


**Thomas F. Leonard III C.E.C.**

*Corporate Executive Chef*


**American Cruise Lines, Inc.**

741 Boston Post Road

Guilford, Connecticut 06437

Mobile: 203-535-8006

EXHIBIT — D

 **Gmail**

Rimon Hanna <rimondylanhanna@gmail.com>

## Matrix with New Recipes
1 message

**Thomas Leonard** <thomas.leonard@americancruiselines.com>

Mon, Jul 17, 2017 at 5:50 AM

To: American Spirit <spirit@americancruiselines.com>, Rimon Hanna <rimondylanhanna@gmail.com>
Cc: Bryan Grund <bryan.grund@americancruiselines.com>, Frank Ramirez <framirezjr24@gmail.com>,
Courtney Kelly <courtney.kelly@americancruiselines.com>, Elizabeth Brombacker
<elizabeth.brombacker@americancruiselines.com>, Paul Taiclet <Taiclet@americancruiselines.com>

All:


Attached you will find the new Matrix for the 7 22 cruise.

You will also find a revised recipe guide that is also attached, please install onto each
monitor in the galley.


Please print off 4 copies for the Chefs team.

Thank you,


**Thomas F. Leonard III C.E.C.**

*Corporate Executive Chef*


**American Cruise Lines, Inc.**

741 Boston Post Road

Guilford, Connecticut 06437

Mobile: 203-535-8006

Office: 203-453-6800 ext. 390

Fax: 203-453-0417

 Gmail

Rimon Hanna <rimondylanhanna@gmail.com>

## Pre Meal
2 messages

**Thomas Leonard** <thomas.leonard@americancruiselines.com>   Wed, May 31, 2017 at 7:36 AM
To: Hendrix Muhammad <hendrixm75@gmail.com>, "mattcald@gmail.com" <mattcald@gmail.com>, Rimon Hanna <rimondylanhanna@gmail.com>, eric lahousse <e.lahousse@gmail.com>, "1davidmyoung@gmail.com" <1davidmyoung@gmail.com>, "philemon.work@outlook.com" <philemon.work@outlook.com>, "gbdubky@twc.com" <gbdubky@twc.com>, "chefpleasant@yahoo.com" <chefpleasant@yahoo.com>, "joselitojimenez85@yahoo.com" <joselitojimenez85@yahoo.com>, "framirezjr24@gmail.com" <framirezjr24@gmail.com>
Cc: Bryan Grund <bryan.grund@americancruiselines.com>, Justin Scott <justin.scott@americancruiselines.com>, Wilfredo Morales <wilfredo.morales@americancruiselines.com>, "jhaag27@yahoo.com" <jhaag27@yahoo.com>

Chefs:

Please be sure that the Pre Meal times are being adhered to.

Breakfast 7:15

Lunch 12:10

Dinner 6:10

Thanks,

**Thomas F. Leonard III C.E.C.**

*Corporate Executive Chef*

**American Cruise Lines, Inc.**

741 Boston Post Road

Guilford, Connecticut 06437

Mobile: 203-535-8006

Office: 203-453-6800 ext. 390

Fax: 203-453-0417

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com

**2 attachments**

 **Alaska Weekly Matrix 7 22 17.doc**
121K

**2017 Alaskan Recipe Guide.pptm**
13956K

**EXHIBIT – E**

 **Gmail**                          Rimon Hanna <rimondylanhanna@gmail.com>

## Rimon Hanna's termnation
1 message

**Rimon Hanna** <rimondylanhanna@gmail.com>                    Mon, Jul 31, 2017 at 11:53 PM
To: Thomas Leonard <thomas.leonard@americancruiselines.com>

Dear Chef Tom
FYI;
- on Saturday, July 15 Two Stewarts appear to be drunk in the kitchen, Desiree fell in the floor, dropped a
try with trash all over the place and Alex whom appeared with hostile behavior. Alex said she ate not
smoke.
I reported the incident to Nico who have said "she is not high, she is just drunk, don't bring your stress on
us", this is the same day Craig walked out and my two chefs although they were paid for that day and their
flight were not till 5:00 pm, they decided not to help at 8:00 right after breakfast because they were on
vacation.
I reported the incident to Shannon whom listen from one ear and let it lose to the other.
Later on Alex came and pointed her middle finger right in my face invading my personal space.
I called Shannon and express my disappointment and told her I demand my working space to be a space
drunken free, signing and dancing free as well as respect from staff and management.
This is happened at the same time I was in the kitchen alone with Mario Galley Stewart while Dallas the
other Stewart decided to purchase his own flight to Florida walked out.

I spoke to Craig whom walked out off the ship because he was under paid and not expected to work 16
hours a day and live in a condition where some one vomited on him during his sleep from the bunk bed
because he was drunk.
I offered Craig to switch stations and work on the line or any station he wishes, he replied "You guys made
so many promises and provided working condition from hell, Craig said he was also promised his own
room and 8-10 working hours a day, as well as travel and having fun.

While being short handed and having only myself and chef T in the kitchen, Alex requested 7 Crème
Brulee, confirmed by Nico for guests. We made them and never were giving the guest but eaten by the
dinning stewards.
Nico requested 3 birthday cake. we took the time and Chef "T" made them. they stayed n the fridge for
days and were not given to the customers, they were leaking, look old and I wouldn't serve them to a dog.
on the following day in the management meeting I told Shannon that until we have a pastry chef, we can
buy better quality cake from Fred Mayer for their birthdays, I also told her I will report it to Chef Tom to
shop around for ready made better presented cakes.
I also express that they are wasting our time while we very short handed by asking us to make food which
had never been serve.
I received nothing but rudeness and arrogance by saying it's your job, you don't know how to do your job"
by Nico and Shannon.
I suggest to have an executive chef as a manager and exempt employee, they must have the ability to
make decision, able to take disciplinary action, hire and fire and ability to instruct and provide training to the
staff, that was not the case Chef. 16 working hours without breaks from 5:00 am to 8:00 pm and twice a
week from 4:30 am and once a week until 10:00 pm for inventory and ordering.
The Chef your provided to train me, pointed a knife raising his arm telling me "get this F*** lamb in the oven
now. Chef Alan dripping sweat in the food, asking him to wash his hand was like a crime. Tim, on drugs.
Frank, goes out drinking every night and called Stephan to go find him in one of the towns because he
couldn't find his way back to the ship. this was how he fell off his bunk bed and showed up to work with
bruised face. and that's is why we had no biscuits or fried chicken for breakfast or make them to order.
Chef, I am well mannered and well educated and know how and when to talk to a people. I also know that I
have been used and abused for the benefit of ACL.

A week earlier I was ready to give up and walked out next to Craig, however promises and encouragement made me think otherwise and stayed for an extra week until Friday night and was advice to go on vacation.
Upon the arrival of Shannon, she came to the galley while Stewarts were in break, pointing at the dish area, and without any reason or notice "saying what is that shit, you don't know how to manage your staff, you don't know how to do your job" I left the Galley and went to report the incident to the captain. even Stephan said "she was far out of
order". Later on and after the service, she asked to go for a walk and apologized by saying " I am so sorry, I was out of line".

Thank you Chef
Rimon Hanna

**EXHIBIT – F**



PASSENGER TICKET AND BAGGAGE CHECK
SUBJECT TO CONDITIONS OF CONTRACT

2146538566          1   ALASKA AIRLINES                7

PASSENGER RECEIPT 1 OF 1
22JUL17  11030003           US

ISSUED BY
ALASKA AIRLINES

JNU SNC          JUNEAU      AK

HANNA/RIMON                                    HANNA/RIMON

*NOT VALID FOR* *RETAIN THIS RECEIPT*
*TRANSPORTATION* *THROUGHOUT YOUR JOURNEY*

JUNEAU                      AK
AS 178  8 28JUL   SAS02/OGO

BAGFEE-25-25                                    SEATTLE TACOMA

                              IMSO2N/AS

ORIGINAL ISSUE          ISSUED IN EXCHANGE FOR

FARE CALCULATION
JNU AS SEA50.00SAS02/OGO 50.00END

FARE
USD      50.00

BAXXXXXXXXXXX8058 XXXX 08432B

TAX

02714582054045     027 2146538566 0     NOT VALID FOR TRAVEL
                                         027 2146538566 0

TAX
USD      50.00

 **DELTA**

PASSENGER RECEIPT          OO     EXCESS BAGGAGE
05JUN17  OO66            US          TICKET
DL/CS        SAN FTO

HANNA/RIMON
**NOT VALID FOR**                              THIS IS YOUR RECEIPT
**TRANSPORTATION*
PSGR TICKET 0068669074901

SAN DL SEA
PIECE   25.00                      G8FQL3 /DL    NON REFUNDABLE/
EBC     25.00                                    NO CHANGES/NON TR
                                                 ANSFERABLE/NOT
                                                 VALID FOR TRAVEL

USD    25.00
              1         VIXXXXXXXXXXXXX6375/ 53726D      NOT VALID FOR TRAVEL

   USD25.00             0 006 8241549365 3      0  006 8241549365 3

---

DO NOT WRITE  4100-3900-5660-6375  ABOVE THIS LINE

Rimon Hanna
302 Washington St
$335
San Diego, CA 92103
Tel 619-808-4268
exp. Date 12/20 Sec# 350

EXPIRATION
□ DATE
CHECKED

SIGN HERE
X

The issuer of the card identified on this item is authorized to pay the amount shown as TOTAL
upon proper presentation. I promise to pay such TOTAL (together with any other charges due
thereon) subject to and in accordance with the agreement governing the use of such card.

| | PLEASE DO NOT WRITE ABOVE THIS LINE | | |
|---|---|---|---|
| QTY. CLASS | DESCRIPTION | PRICE | AMOUNT |
| | Taxi Fare From | | 10 00 |
| | Airport To | | |
| | Downtown | | |
| DATE 6/5/2017  AUTHORIZATION | | SUB TOTAL | |
| REFERENCE NO. | | TAX | |
| ID-FOLIO / CHECK NO. / LIC. NO. STATE  REG/DEPT  CLERK | SERVER | TIP | |
| 8080713 | | MISC. | |
| | | TOTAL | 10 00 |

SALES SLIP ORIGINAL

---

Famiglia

Register#:  1
Time: 11:38am

[Seat 1]                          $6.59
1 Spinach Stromb

Subtotal:                        $6.59
Tax::                            $0.56
                                 $7.15
                                 $7.15

Visa                             $7.15

Thank you for dining with us.
Have a Great Day!

To Find one of Our Locations
Pleas   vit Our Web Site
www.   isFamiglia.com

# Your ride with Geoffrey on May 27

## Lyft Ride Receipt <no-reply@lyftmail.com>

Mon 7/10/2017 9:05 AM

To:rimonhanna@live.com <rimonhanna@live.com>;



---

### Ride Cost Confirmed

We reviewed your ride cost and found that the cost was correctly calculated. No change was made to your final total. If you have questions, please contact us.



## Thanks for riding with Geoffrey!

May 27, 2017 at 7:23 AM

### Ride Details

| | |
|---|---|
| Line fare (19.91mi, 30m 24s) | $41.34 |
| Lyft Line Discount | -$7.44 |
| Tip | $2.00 |
| MasterCard *9048 | **$35.90** |



● **Pickup**    7:23 AM
6657 Seaview Ave NW, Seattle, WA

● **Dropoff**    7:54 AM
Air Cargo Rd, SeaTac, WA



# Make expensing business rides easy

Enable business profile on Lyft to make
expensing rides quick and easy.

Get Business Profile

⊕  Tip driver

🔍  Find lost item

⊘  Request review

To protect against unauthorized behavior, you may see an authorization hold up to $25.
This is to verify your payment method and will not be charged.

# Your ride with Padam on July 22

Lyft Ride Receipt <no-reply@lyftmail.com>

Sat 7/22/2017 2:38 PM

To:rimonhanna@live.com <rimonhanna@live.com>;





## Thanks for riding with Padam!

July 22, 2017 at 2:44 PM

### Ride Details

| | |
|---|---|
| Base fare | $0.45 |
| 53m 7s | $5.84 |
| 49.00 mi | $46.54 |
| Service fee | $2.25 |
| SLC Airport - Airport Fee | $1.13 |



| | |
|---|---|
| MasterCard *9048 | **$56.21** |





- **Pickup**   2:44 PM
  2224-3798 N Terminal Dr, Salt Lake City, UT

- **Stop**   3:37 PM
  430 S 520 E, Orem, UT

- **Dropoff**   3:37 PM
  430 S 520 E, Orem, UT



# Make expensing business rides easy

Enable business profile on Lyft to make
expensing rides quick and easy.

Get Business Profile

⊕ Tip driver

🔍 Find lost item

⊙ Request review

Pricing FAQ · Help Center
Receipt #1024142869104302804
Map data © OpenStreetMap contributors



## PROOF OF SERVICE

I, the undersigned, declare:
I am a citizen of the United States of America, am over the age of eighteen (18) years, and not a party to the within action.
I live 3221 Midway Drive, San Diego, CA 92110

On June 21, 2019, I caused to be served the following document(s):

- **Plaintiff's Second Amended Complaint.**

On the parties involved addressed as follows:
David R. Jimenez
Jackson Lewis
90 Statehouse Square, 8th Floor
Hartford, CT06103

BY U.S. MAIL: I caused each envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Diego, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 21, 2019.

Name; Lizeth Murillo                    Signature