UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RIMON HANNA,<br><br>    Plaintiff,<br>v.<br><br>AMERICAN CRUISE LINES, INC., &<br>DOES 1 THROUGH 10, inclusive,<br><br>    Defendants. | Civil Action No.<br>3:19-cv-74 (CSH)<br><br>DECEMBER 12, 2019 |

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

**HAIGHT, Senior United States District Judge:**

  Plaintiff Rimon Hanna, proceeding *pro se*, brings this action against Defendant American Cruise Lines, Inc. ("Defendant" or "ACL"). Doc. 24 ("Second Amended Complaint"). He alleges labor and employment claims related to his time as an executive chef for Defendant ACL, including "(1) wrongful termination, (2) unpaid overtime compensation in violation of Section 207 of the FLSA, (3) retaliation, (4) breach of contract, (5) intentional misrepresentation, and (6) negligent misrepresentation." *Hanna v. Am. Cruise Lines, Inc.*, No. 19-cv-74 (CSH), 2019 WL 3231202, at *7 (D. Conn. July 18, 2019).

  Pending before the Court is Plaintiff's Motion to Compel Defendant to Respond to Plaintiff's "Requested Discovery, Set One." Doc. 30. Defendant has filed Objections to Plaintiff's Motion. Doc. 31. For the reasons set forth below, the Court denies the Motion.

# I. DISCUSSION

## A. Standard for Motion to Compel

Pursuant to Federal Rule of Civil Procedure 37, "[a] party seeking discovery may move for an order compelling an answer, designation, [or] production" if, *inter alia*, "a party fails to answer an interrogatory submitted under Rule 33" or "a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). The motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

This District's Local Rules require more of the movant:

> No motion pursuant to Rules 26 through 37, Fed. R. Civ. P. shall be filed unless counsel making the motion has conferred, in person or by telephone, with opposing counsel and discussed the discovery issues between them *in detail* in a *good faith* effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution. In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the Court, as a part of the motion papers, an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement. If some of the issues raised by the motion have been resolved by agreement, the affidavit shall specify the issues so resolved and the issues remaining unresolved.

D. Conn. Loc. R. 37(a) (emphasis added).[1]

---

[1] These rules play an important role in our judicial system. As this Court recently explained: "As suggested by Local and Federal Rules 37 of Civil Procedure, it is preferable for the parties to achieve their own agreement, rather than have discovery terms imposed upon them via the Court's intervention. Moreover, the additional time and money expended in discovery motions can be averted if both parties act reasonably and in 'good faith' to resolve such issues." *Hui Wang v. Omni Hotels Mgmt. Corp.*, No. 18-cv-2000 (CSH), 2019 WL 2083296, at *10 (D. Conn. May 13, 2019).

B. Analysis

Plaintiff has failed to meet the requirements of the Federal or Local Rules because he did not discuss his discovery disputes with Defendant in detail or in good faith. In an analogous case, which Defendant references in its Brief, I previously addressed this question. I explained, with respect to Local Rule 37(a)'s mandates, in particular, that:

> A certification from a movant that he has merely attempted to meet and confer with opposing counsel does not satisfy the requirements of the Local Rules. Rather, under Local Rule 37(a), a movant must confer with opposing counsel and must discuss discovery disputes *in detail* and in good faith. Courts in this District have also stated that the meet-and-confer requirement of our Local Rules and the Federal Rules of Civil Procedure requires the parties to "meet, in person or by telephone."

*Doe v. Mastoloni*, 307 F.R.D. 305, 313 (D. Conn. 2015) (quoting *Brown v. Clayton*, No. 11-cv-714 (HBF), 2013 WL 1409884, at *2 (D. Conn. Apr. 8, 2013)).

Plaintiff has failed to satisfy the Rule's requirements. Although Plaintiff and Defendant participated in a telephone call on October 11, 2019, to discuss Plaintiff's discovery requests, *see* Doc. 31-3, at 4–6, the Parties did not "discuss[] the discovery issues between them in detail," D. Conn. Loc. R. 37(a).[2] In actuality, the attachments to Defendant's Brief appear to demonstrate that the Parties barely discussed their discovery issues altogether—let alone "in detail"—because the Parties "did not address any specific request for production or admission, nor the scope of any objection." Doc. 31-3, at 3. On the call, rather, the Parties "only generally discussed [their] respective theories of the case." *Id.*

---

[2] Defendant's Brief states that "the parties did speak on October 3, 2019." Doc. 31, at 5. Nonetheless, the attachments to Defendant's Brief indicate that the Parties' phone call actually took place on October 11, 2019. Doc. 31-3, at 5–6. The precise date of the phone call is not relevant to the resolution of the instant Motion, however.

This conclusion—that the Parties did not discuss their discovery issues "in detail"—is reinforced by the fact that Plaintiff may not have even reviewed Defendant's production prior to the phone call. As Defendant explained to Plaintiff in an email following the call, Plaintiff on the call had "indicated that [he] would need to review [Defendant's] production set, which [Plaintiff] had not realized was included in [Defendant's] response." *Id*. And, Plaintiff thereafter responded that certain "documents . . . [were] not eligible [sic] [on Plaintiff's] end." *Id.* In this case, at least, surely the Parties were unable to discuss their discovery disputes "in detail" on the call if Plaintiff was unable to read some, if not all, of Defendant's production prior to the call. D. Conn. Loc. R. 37(a).

The Court also questions the extent to which Plaintiff acted in a "good faith effort to eliminate or reduce the area of controversy." D. Conn. Loc. R. 37(a). After the Parties' phone call, Plaintiff explained to Defendant that he would "*try* to evaluate [his] requested discovery against [Defendant's] responses and *possibly* rephrase [his] requested discover[y]." Doc. 31-3, at 3 (emphasis added). Plaintiff further clarified that he would "*try* to minimize the controversy but [he] couldn't] *promise*" anything. *Id.* (emphasis added). Evidently, Plaintiff did not make any attempts to resolve the Parties' discovery dispute (at least based on the Parties' submissions). Rather, one week later, without an additional phone call or meeting, Plaintiff declared that he anticipated "filing a Motion to Compel with the court within [the] next couple of weeks" because the Parties were unable to "minimize the area of controversy." Doc. 31-3, at 2. Plaintiff's half-hearted assurances to Defendant that he would attempt to resolve the Parties' disagreement, without any evidence that he actually undertook steps to do so, does not satisfy the Local Rules' good faith requirement.

The Court's analysis is not altered by Plaintiff's conclusory statement in his Brief that he "conferred with . . . counsel for ACL in a good faith effort to resolve the issues raises in this motion."

Doc. 30 ¶ 23. As the Court explained in *Doe*, "[a] certification from a movant that he has merely attempted to meet and confer with opposing counsel does not satisfy the requirements of the Local Rules." *Doe*, 307 F.R.D. at 313; *see also McIntyre v. BF Capital Holding, LLC*, No. 14-cv-33 (RNC), 2016 WL 5219445, at *2 (D. Conn. Sept. 20, 2016) ("This statement [that a party made good faith efforts pursuant to Rule 37] does not inform the court of the extent of counsel's efforts to confer or whether they engaged in a meaningful dialogue about the deposition." (citation omitted)).

To be sure, the Court recognizes that Plaintiff is a *pro se* litigant and is proceeding without the guidance of counsel. Federal courts generally treat *pro se* parties with special solicitude. But that does not absolve Plaintiff of his responsibilities under the Federal and Local Rules. Indeed, "with respect to Rule 37 . . . even though he is a *pro se* party, he must nonetheless follow all of the rules—federal and local—including the rules requiring . . . a good faith conference before filing discovery-related motions." *El-Massri v. New Haven Corr. Ctr.*, No. 18-cv-1249 (CSH), 2019 WL 2006001, at *4 (D. Conn. May 7, 2019) (citation and internal quotation marks omitted). Plaintiff's *pro se* status, therefore, does not exempt him from his obligation to "discuss[] the discovery issues" with Defendant ACL "in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution," prior to filing any motion to compel. D. Conn. Loc. R. 37(a).

## II. CONCLUSION

Accordingly, for the reasons discussed above, Plaintiff's Motion to Compel is DENIED WITHOUT PREJUDICE to re-filing after he complies with all applicable rules.[3]

---

[3] The Court reserves judgment, and in this Ruling does not take any position, with respect to the substance of any of Plaintiff's objections to Defendant's discovery responses.

It is SO ORDERED.

Dated: New Haven, Connecticut
December 12, 2019

                                                */s/ Charles S. Haight, Jr.*
                                                CHARLES S. HAIGHT, JR.
                                                Senior United States District Judge